[Crim. No. 1980.   Second Appellate District, Division Two.—December 12, 1930.]

THE   PEOPLE,   Respondent,   v.   JESSE   D.   LEWIS,
Appellant.

R. E. Parsons for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendant was charged by information, together with one Robert D. Whelchel, with two offenses of robbery. After the jury had been sworn and the trial commenced the court on motion of the district attorney dismissed count I. The jury returned a verdict of guilty of the offense charged. The defendant Lewis was granted a new trial and Whelchel was sentenced to San Quentin. In the minutes of the court of March 10, 1930, we find this entry: ''Motion for a new trial is argued and granted. The court orders count I of the information be refiled.'' In accordance with this order an amended information was filed, charging the defendant with two counts of robbery, the first count being identical with count I in the information previously filed and which had been dismissed. During the second trial, and over the objection of the defendant, who had interposed the plea of former jeopardy, testimony was introduced identifying the defendant as one of two men who robbed the Richfield service station at Slauson and Avalon Boulevard in Los Angeles of about $40 on the evening of January 2, 1930, at about 7 o'clock P. M., which was about one hour and forty-five minutes before another service station at Eighty-first Street and Western Avenue was robbed by two men identified as the defendant and Whelchel. No other witnesses were called whose testimony related exclusively to count I, and after the noon recess the deputy district attorney announced that he had examined the law during the recess and had concluded that

the defendant had been placed in jeopardy on that count and was willing to stipulate that the jury should be instructed to return a verdict of former jeopardy as to count I. Thereupon the deputy district attorney and counsel for defendant stipulated to the facts showing that count I had been dismissed subsequent to the time the jury was sworn to try the case and that defendant had been re-arraigned on the same charge and entered his plea of former jeopardy. This all took place in the presence of the jury, whereupon the judge said that at the proper time he would give the necessary instructions. He did so instruct the jury and they returned a verdict of former jeopardy as to count I and guilty of count II. This appeal is from the judgment pronounced upon the verdict of guilty and from an order denying appellant's motion for a new trial.

The first assault upon the judgment is based upon the argument that the court erred in admitting into evidence a .32-caliber Colt automatic revolver, and we are therefore compelled to set down the testimony which is said by the respondent to furnish the foundation for its admission. The complaining witness as to the second count identified the appellant as one of the men who committed the offense and the one who held the gun. He testified when the revolver was exhibited to him in court that it was very similar to the one used and that he "would say it" was "the same gun". Two police officers testified that they were hidden out near the home of the appellant about fifteen minutes after the robbery when a Chrysler automobile drove up, from which Whelchel first alighted, to be followed in a few seconds by the appellant. When Officer Fountain attempted to arrest appellant he resisted, finally escaping the first attempt to place him under restraint. This officer testified that when appellant fled he fired a couple of shots at him, at the second of which appellant apparently fell near an alley. He searched the alley for the appellant, but when he got back into the alley, directly behind appellant's home, he saw someone go in the back door; that he then came around front, and from the house next door telephoned for additional officers; that when he had finished telephoning he noticed Lewis "with about this much of his body in the open door of his home". After the other officers arrived and appellant was placed under arrest, they found

the revolver which was received in evidence under a work bench in the rear of the house and near the garage.

It is apparent from the testimony we have recited that the jury were justified in believing from the testimony offered that the revolver was thrown to the place where it was found by the appellant as he made entrance into his house from the rear. Under such circumstances, and particularly with the identification of it by the complaining witness, the case of *People* v. *Stoerkel*, 87 Cal. App. 336 [262 Pac. 825], disposes of the argument. In that case the rule is announced which distinguishes the instant situation from the authorities upon which appellant relies.

■ It is next sought to predicate error upon the asserted misconduct of the district attorney in filing the amended information setting up count I and introducing some testimony relevant thereto when, it is argued, that he must have known that the appellant had once been placed in jeopardy upon that charge. We can conceive of instances where the contention would be attended by more serious doubts than present themselves here. From all that appears in the record the court of its own motion ordered count I to be refiled. The district attorney frankly confessed error and together with counsel for defendant stipulated to the facts establishing that the plea of former jeopardy was well taken. The court not only instructed the jury to return a verdict in favor of the defendant on count I but also during the argument of counsel instructed them to disregard the statement of the district attorney that they could consider the testimony of the complaining witness on that count "in the matter of identification", saying to them that the evidence given on count I would not be before them for any purpose. It is difficult for us to believe that in a case as free of complexities as the present one that appellant suffered any serious prejudice or damage. ■ It is asserted, however, that the deputy district attorney should not have advised the jury in his argument that it was their duty to "find the defendant" had "once been put in jeopardy for that robbery, because of the fact that in making my motion to dismiss, because one of the witnesses was not obtainable, I made the motion after the jury was sworn". The appellant, of course, points to the words "because one of the witnesses was not obtainable" as being objectionable. How-

ever, the facts to which they stipulated as furnishing evidence of former jeopardy contained the motion of the district attorney to dismiss on the ground that the process server had been unable to locate Mr. Parker, who, we may add, was the complaining witness. It is obvious,. therefore, that the district attorney was well within his rights. ▪ It is sufficient to say respecting the other assignments of misconduct that, if there was any overstepping of the legitimate bounds of argument at all, that it was of an insignificant character and at no time except in the instance already noticed did counsel ask the trial judge to correct the error or give him an opportunity to undo the harm it is now urged was done his client. Under such circumstances and under a well-known rule of law he is foreclosed of his contention before this tribunal.

▪ It is urged with a great deal of conviction that the evidence is insufficient to support the verdict of the jury. We have already recited sufficient to indicate that the jury was justified in its finding. However, it is proper to add that it was testified that some money was found stuck down behind the seat of the automobile from which Whelchel and appellant were seen to alight; that appellant at the time of his arrest admitted in effect that he was the one who had scuffled and broken away from the officer a few minutes before. We cannot agree with appellant's contention.

No other points require discussion.

Judgment and order affirmed.

Works, P. J., and Craig, J., concurred.